IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALBERTO OCANA, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | JUDGE |
| v. | ) | |
| | ) | |
| E.D.S. PERSONAL | ) | NOTICE OF REMOVAL OF |
| COMMUNICATIONS CORPORATION, | ) | CIVIL ACTION |
| | ) | |
| Defendant. | ) | |

RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE

TO:    UNITED STATES DISTRICT COURT, DISTRICT OF MASSACHUSETTS

Defendant E.D.S. Personal Communications Corporation, presently doing business as

EDS Information Services L.L.C. (hereafter, "EDS"),[1] by and through its attorneys, hereby

notices removal of this suit from the Superior Court of Suffolk County of the Commonwealth of

Massachusetts to the United States District Court for the District of Massachusetts, and

respectfully submit to this Honorable Court:

1.     The Complaint in this case was filed in the Suffolk County Superior Court on or

about October 8, 2004. The Complaint was served upon EDS on November 23, 2004. (A copy

of the Summons and Complaint served on EDS is attached hereto as Exhibit A).

2.     This is an action in which this Court has original jurisdiction because it arises

under the laws of the United States and invokes the federal question jurisdiction of this Court as

---

[1]     EDS Personal Communications Corporation merged with and into EDS Information Services L.L.C. on
December 31, 2001. (Declaration of Suzy K. Arnold, attached as Ex. B.)

provided in 28 U.S.C. §1331 and §1441(b). Specifically, plaintiff's Complaint alleges a violation of the Family Medical Leave Act, 29 U.S.C. §2601 *et seq.* (hereafter, "FMLA").

3.     As set forth in the jurisdictional section of the Complaint's allegations and in Count I, plaintiff alleges that he was discriminated against "on account of his request for and use of FMLA Leave." (Complaint ¶ 12). Plaintiff also seeks damages against defendant under the FMLA. (*Id.* at ¶ a). Therefore, this is a civil action that alleges a violation of a federal statute under which this Court would have original jurisdiction without regard to the citizenship of the parties or the amount in controversy. Thus, plaintiff alleges a claim which arises under the laws of the United States, and this Court has jurisdiction over the case pursuant to 29 U.S.C. §621 *et seq.* and 28 U.S.C. §1331.

4.     As this Court has original federal question jurisdiction over this matter, it also has jurisdiction over the remaining claims contained in plaintiff's Complaint pursuant to 28 U.S.C. §1441(c) and/or by virtue of its supplemental jurisdiction pursuant to 28 U.S.C. §1367.

5.     In further support of removal, EDS submits to this Court that, in addition to federal question jurisdiction, this Court also has diversity jurisdiction over this lawsuit and that this action may be removed to this Court pursuant to 28 U.S.C. §§1441(a) and (b) and §1446(b).

6.     In support of diversity jurisdiction, Defendant states that, upon information and belief, plaintiff is a citizen of the Commonwealth of Massachusetts. (Amended Complaint ¶ 1) (stating that plaintiff was "at all times" employed in Massachusetts.)

7.     EDS Information Services L.L.C. is a Delaware corporation with its corporate headquarters and principal place of business in Texas. (Declaration of Suzy Arnold at ¶ 2,

attached hereto as Exhibit B).  Accordingly, EDS is not a citizen of the Commonwealth of Massachusetts.

8.    As evidenced by the attached Complaint and Declaration of Suzy Arnold, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. Specifically, plaintiff, who at the time of his separation from EDS on October 11, 2001 was compensated at $52,000.44 per year, is seeking more than three years of back pay (including alleged lost benefits).  (Complaint, Prayer for Relief; Arnold Dec. ¶ 3.)  In addition, plaintiff seeks attorneys' fees and damages for emotional and physical distress under the Massachusetts Fair Employment Practices Act, M.G.L. Ch. 151B.  (Complaint ¶ 1, Prayer for Relief.)

9.    Therefore, the requirements of 28 U.S.C. §1332(a) have been met in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because it is a civil action between citizens of different states.

10.    The United States District Court for the District of Massachusetts, therefore has original jurisdiction over this matter.

11.    Accordingly, this action is a civil action that may be removed to this Court pursuant to 28 U.S.C. §§1441(a) and (b) and §1446(b).

12.    This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) in that it is filed within thirty (30) days after service of the Complaint on EDS.  (*See* Summons to Complaint, Attest by Deputy Sheriff.)

13.    As required by 28 U.S.C. §1446(d), Defendants have provided written notice of the filing of this Notice of Removal to Kevin G. Powers of Rogers, Powers & Schwartz L.L.P., 18 Tremont Street, Fifth Floor, Boston, MA  02108, and have filed a copy of the Notice of Filing

Notice of Removal with the Clerk of the Superior Court for Suffolk County of the Commonwealth of Massachusetts. (A copy of the Notice to Counsel of Removal of Action to Federal Court and a copy of the Notice of Filing Notice of Removal are attached hereto as Exhibits C and D, respectively).

**WHEREFORE**, pursuant to 28 U.S.C. §§1331, 1332 and 1441, EDS removes this case from the Superior Court for Suffolk County of the Commonwealth of Massachusetts to this Honorable Court.

Respectfully submitted,

Joseph P. McConnell (BBO # 566412)
jmcconnell@morganbrown.com
**Morgan, Brown & Joy LLP**
One Boston Place
Boston, Massachusetts 02108
617-523-6666 (Telephone)
617-367-3125 (Facsimile)

Martin T. Wymer (P43279)
mwymer@bakerlaw.com
Brett A. Wall (OH0070277)
bwall@bakerlaw.com
**BAKER & HOSTETLER LLP**
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114-3485
(216) 621-0200 (telephone)
(216) 696-0740 (facsimile)
*Pro Hac Vice* admission papers to be submitted

*Attorneys for Defendant EDS*

Date: December 13, 2004

4

## PROOF OF SERVICE

A true copy of the foregoing *Notice of Removal of Civil Action* was served upon

Plaintiff's counsel Kevin G. Powers, Rogers, Powers & Schwartz L.L.P., via regular U.S. mail

on the 13th day of December, 2004.

_____

*Attorney for Defendant EDS*

5

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. __C.A. No. 04-4429__

ALBERTO OCANA _____ , Plaintiff(s)

v.

EDS PERSONAL COMMUNICATIONS CORPORATION _____ , Defendant(s)

## SUMMONS

To the above-named Defendant: Prentice-Hall Corp. Sys Inc, 84 State Street, Boston, MA

You are hereby summoned and required to serve upon__Kevin G. Powers_____
___of Rogers, Powers & Schwartz L.L.P._____

plaintiff's attorney, whose address is__18 Tremont Street, 5th Floor Boston, MA__ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the____eiteenth_____ day of November_____, in the year of our Lord two thousand _and four_____ .

*Michael Joseph Donovan*

A true copy Attest:

Deputy Sheriff Suffolk County

Clerk/Magistrate

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____,200____, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated:_____, 200____.          _____

**N.B.    TO PROCESS SERVER:–**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| , 200 . |
| --- |

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No._____

_____, Plff(s).

v.

_____, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

04027806

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT
                                                C.A. No. 04-4429

```
_____
                                    )
ALBERTO OCANA                       )
              Plaintiff,            )
                                    )
                                    )
                                    )
                                    )
EDS PERSONAL                        )
COMMUNICATIONS                      )
CORPORATION                         )
              Defendant.            )
                                    )
_____)
```

## COMPLAINT

### A. Jurisdiction

This suit is brought pursuant to the Massachusetts Fair Employment Practice Act, M.G.L. Ch. 151 B. All Conditions to jurisdiction under Ch. 151 B have been met.

This case is also brought pursuant to the Family Medical Leave Act 29 U.S.C. § 2601 et seq.

### B. Nature of the Actions

This suit, in law and equity, seeks redress for employment discrimination on account of the Plaintiff's Race and National Origin and on account of the Plaintiff's request for and use of Family Medical Leave.

### C. Parties to the Action

1. Alberto Ocana is a Hispanic male whose nation of origin is Panama. The plaintiff is a legal and permanent resident of the United States.

   The Plaintiff was at all relevant times, employed by the Defendant Corporation in the Commonwealth of Massachusetts.

2. EDS Personal Communications Corporation is a corporation doing business in the Commonwealth of Massachusetts with corporate offices located in the City of Boston, County of Suffolk, Commonwealth of Massachusetts.

# COUNT I

1.  The Plaintiff, Alberto Ocana, is a permanent resident of the United States. He is a Hispanic male who was born in Panama.

2.  The Plaintiff began working for EDS Personal Communications (hereafter EDS) in December 1997.

3.  The Plaintiff performed his duties and responsibilities in a professional and competent manner.

4.  During the course of his employment he received regular and consistent verbal and written commendations for his work.

5.  In August of 2001, the Plaintiff went on Family Medical Leave Act (hereafter FMLA) leave on account of the fact that this father, who was living in Panama, had suffered a stroke, and needed the plaintiff to assist in his care.

6.  The Plaintiff was scheduled to return to work from FMLA leave on October 19, 2001.

7.  On October 11, 2001, while the Plaintiff was still out on FMLA leave, he received notice that he was being laid off.

8.  The Plaintiff was laid off on October 11, 2001.

9.  The Plaintiff was the only Project Manager who was laid off from the Boston office of EDS.

10. Three Software Project Managers with less seniority and less experience than the Plaintiff were retained by the Company.

11. The Plaintiff was chosen for layoff on account of his race and national origin or a combination of both.

12. The Plaintiff was chosen for layoff on account of his request for and use of FMLA leave.

**WHEREFORE**, the Plaintiff requests that this Court order:

a.   That the Defendant compensate the plaintiff for any loss of wages and/or benefits incurred;

b.   That the plaintiff be awarded an amount of money which will fairly compensate him for his emotional and physical pain and suffering;

c.   That the Defendant pay the plaintiff costs and attorney's fees resulting from this action;

d.   That the Defendant pay the plaintiff interest on any judgment entered from the time of the filing of this suit;

e.   That the Defendant be ordered to pay the plaintiff punitive damages;

f.   That the Defendant be ordered to pay the plaintiff exemplary damages; and

g.   Such relief as may be just and proper and/or which make the plaintiff whole.

The Plaintiff Requests a Jury Trial on All Issues and Causes of Action Contained in this Complaint.

The Plaintiff,
By his Attorney

Kevin G. Powers
BBO #405020
Rodgers, Powers & Schwartz, LLP
18 Tremont Street, Suite 500
(617) 742-7010

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **ALBERTO OCANA,** | ) | **CASE NO.** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE** |
| **v.** | ) | |
| | ) | |
| **EDS PERSONAL COMMUNICATIONS** | ) | **DECLARATION OF SUZY K.** |
| **CORPORATION,** | ) | **ARNOLD** |
| | ) | |
| **Defendant.** | ) | |

I, Suzy K. Arnold, declare as follows:

1.     I have been employed by Electronic Data Systems Corporation ("EDS") since February 1, 1990. I am a senior paralegal with EDS' Legal Department. In that capacity, I am aware of EDS' corporate structure and the principal places of business for EDS and its affiliates. I have also reviewed and am familiar with the corporate records documenting the history of mergers and acquisitions relating to EDS Personal Communications Corporation and EDS Information Services L.L.C. As a result, I have personal knowledge of the matters stated herein.

2.     EDS Personal Communications Corporation merged with and into EDS Information Services L.L.C. on December 31, 2001. EDS Information Services L.L.C. is a Delaware corporation with its principal place of business in Texas.

3.     At the time of his separation from EDS on October 11, 2001, Alberto Ocana was compensated $52,000.44 per year by EDS.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 12/10/04

Suzy K. Arnold

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                                    SUPERIOR COURT

ALBERTO OCANA,                          )    CASE NO. 04-4429
                                        )
        Plaintiff,                      )
                                        )    JUDGE
                                        )
v.                                      )
                                        )
EDS PERSONAL COMMUNICATIONS             )    NOTICE OF FILING NOTICE OF
CORPORATION,                            )    REMOVAL OF CIVIL ACTION
                                        )
        Defendant.                      )

PLEASE TAKE NOTICE, that on December 13, 2004, EDS Personal Communications

Corporation, presently doing business as EDS Information Services L.L.C. (hereafter, "EDS"),[1]

by and through its attorneys, filed in the United States District Court of Massachusetts their

Notice of Removal of Civil Action to said District Court.  (A copy of the Notice of Removal is

attached hereto as Exhibit A for filing with the Court.)

PLEASE TAKE FURTHER NOTICE, that pursuant to 28 U.S.C. §1446, the filing of

the Notice of Removal in the United States District Court, together with the filing of a copy of

the Notice of Filing Notice of Removal with the Superior Court, effects the removal of this

action and this Court may proceed no further unless and until the case is remanded.

---

[1]     EDS Personal Communications Corporation merged with and into EDS Information Services
L.L.C. on December 31, 2001.

Respectfully submitted,

Joseph P. McConnell
jmcconnell@morganbrown.com
Morgan, Brown & Joy LLP
One Boston Place
Boston, Massachusetts 02108
617-523-6666 (Telephone)
617-367-3125 (Facsimile)


Pro Hac Vice to be Submitted

Martin T. Wymer (P43279)
mwymer@bakerlaw.com
Brett A. Wall (OH0070277)
bwall@bakerlaw.com
**BAKER & HOSTETLER LLP**
3200 National City Center
1900 East Ninth Street
Cleveland, OH  44114-3485
(216) 621-0200 (telephone)
(216) 696-0740 (facsimile)

*Attorneys for Defendant EDS*

2

## PROOF OF SERVICE

A true copy of the foregoing *Notice of Filing Notice of Removal of Civil Action* was served upon Plaintiff's counsel Kevin G. Powers, Rogers, Powers & Schwartz L.L.P., via regular U.S. mail on the 13th day of December, 2004.

_____

*Attorney for Defendant EDS*

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                        **SUPERIOR COURT**
                                                    **CIVIL ACTION NO. 04-4429**

---

ALBERTO OCANA
      Plaintiff,

                                   **NOTICE TO COUNSEL OF**

v.                                                  **REMOVAL OF ACTION**
                                   **TO FEDERAL COURT**

EDS PERSONAL COMMUNICATIONS
CORPORATION
      Defendant.

---

TO:    Kevin G. Powers, Esquire
        Rodgers, Powers & Schwartz, LLP
        18 Tremont Street, Suite 500
        Boston, Massachusetts 02108

PLEASE TAKE NOTICE that Defendant E.D.S. Personal Communications Corporation

in the above-captioned matter has on the ____ day of December 2004 filed in the United States

District Court of the District of Massachusetts, its Notice of Removal of the above-styled action

from the Superior Court, Suffolk County, Boston, Massachusetts, (a copy of said Notice is

attached hereto) to the United States District Court for the District of Massachusetts, at Boston,

Massachusetts, together with copies of the Complaint filed by the Plaintiff in the Superior Court,

Suffolk County, Boston, Massachusetts.

You are also advised that said Defendant, upon filing said Notice, filed a Notice of

Removal to Federal Court with the Clerk, Superior Court, Suffolk County, Boston,

Massachusetts, and attached thereto copies of the following: (1) Notice of Removal with exhibits

attached thereto; and (2) the Notice to Counsel of Removal of Action to Federal Court.

Such action has effected the removal of this action to the United States District Court for

the District of Massachusetts, in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446

and no further proceedings may be had in this state court action.


Respectfully submitted,


Joseph P. McConnell (BBO # 566412)
jmcconnell@morganbrown.com
**Morgan, Brown & Joy LLP**
One Boston Place
Boston, Massachusetts 02108
617-523-6666 (Telephone)
617-367-3125 (Facsimile)


Martin T. Wymer (P43279)
mwymer@bakerlaw.com
Brett A. Wall (OH0070277)
bwall@bakerlaw.com
**BAKER & HOSTETLER LLP**
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114-3485
(216) 621-0200 (telephone)
(216) 696-0740 (facsimile)
*Pro Hac Vice* admission papers to be submitted

*Attorneys for Defendant EDS*

Date: December 13, 2004

2

## CERTIFICATE OF SERVICE

A true copy of the foregoing *Notice of Removal of Civil Action* was served upon Plaintiff's

counsel Kevin G. Powers, Rogers, Powers & Schwartz L.L.P., via regular U.S. mail on the ___13d___ day

of December, 2004.

_____

*Attorney for Defendant EDS*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.   Title of case (name of first party on each side only) __Alberto Ocana v. E.D.S. Personal__
__Communications Corp.__

2.   Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See

local rule 40.1(a)(1)).

☐   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

☒   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

☐   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

☐   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

☐   V.    150, 152, 153.

3.   Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in
this district please indicate the title and number of the first filed case in this court.

4.   Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                          YES ☐    NO ☒

5.   Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
28 USC §2403)

                                                          YES ☐    NO ☒

     If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                          YES ☐    NO ☐

6.   Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                          YES ☐    NO ☒

7.   Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
40.1(d)).

                                                          YES ☐    NO ☒

     A.   If yes, in which division do all of the non-governmental parties reside?

          Eastern Division ☐        Central Division ☐        Western Division ☐

     B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
          agencies, residing in Massachusetts reside?

          Eastern Division ☒        Central Division ☐        Western Division ☐

8.   If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
yes, submit a separate sheet identifying the motions)

                                                          YES ☐    NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ___Joseph P. McConnell, Esq.___
                    Morgan, Brown & Joy, LLP
ADDRESS _____One Boston Place, Suite 1616, Boston, MA 02108-4472___
TELEPHONE NO. ___(617) 523-6666___

(Coversheetlocal.wpd - 10/17/02)

JS 44
(Rev. 3/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Alberto Ocana

## DEFENDANTS

E.D.S. Personal Communications Corp.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  unknown
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  State of Texas
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(C)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Kevin G. Powers, Esq.
Rodgers, Powers & Schwartz, LLP
18 Tremont Street, Suite 500
Boston, MA 02108 / 617-742-7010

ATTORNEYS (IF KNOWN)

Joseph P. McConnell, Esq.
Morgan, Brown & Joy, LLP
One Boston Place, Suite 1616
Boston, MA 02108 / 617-523-6666

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                          AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |

*(full nature of suit box content continues)*

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury — Med. Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**CIVIL RIGHTS**
☐ 441 Voting
☒ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
HABEAS CORPUS:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

FMLA, 29 U.S.C. Section 2601 et seq.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
12/13/04

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____