IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERTO OCANA,<br><br>      Plaintiff,<br><br>v.<br><br>E.D.S. PERSONAL COMMUNICATIONS CORPORATION,<br><br>      Defendant. | Civil Action No. 1:04-CV-12607 (JLT)<br><br>**ANSWER TO COMPLAINT** |

NOW COMES Defendant EDS Information Services L.L.C. ("EDS")[1], by and through its attorneys, and for its Answer to Plaintiff Alberto Ocana's Complaint, states as follows:

**A.     Jurisdiction**

1.     EDS admits that Plaintiff seeks to bring this action pursuant to the Massachusetts Fair Employment Practices Act, M.G.L. Ch. 151B.  Upon information and belief, EDS denies the remaining allegations contained in paragraph A1 of the Complaint.

2.     EDS admits that Plaintiff seeks to bring a claim in this case under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

**B.     Nature of the Action**

1.     EDS admits that Plaintiff claims in this lawsuit that he was discriminated against because of his race and national origin and further claims that he was retaliated against for taking

---

[1]     EDS Personal Communications Corporation merged with and into EDS Information Services L.L.C. on December 31, 2001.

Family Medical Leave. EDS denies that it unlawfully discriminated against Plaintiff and further denies that it unlawfully retaliated against Plaintiff.

**C.      Parties to the Action**

1. Upon information and belief, EDS admits the allegations contained in paragraph C1 of the Complaint.

2. EDS denies the allegations contained in paragraph C2 of the Complaint.

## COUNT I

1. Upon information and belief, EDS admits the allegation contained in paragraph 1 of Count I of the Complaint.

2. EDS admits that Plaintiff began working for EDS in December 1997.

3. EDS denies the allegations contained in paragraph 3 of Count I of the Complaint.

4. EDS denies the allegations contained in paragraph 4 of Count I of the Complaint.

5. EDS is without sufficient information to admit or deny Plaintiff's allegations concerning his father's medical condition and/or his need for Plaintiff to assist in his care. EDS admits that Plaintiff commenced a leave under the FMLA on July 30, 2001.

6. EDS admits the allegations contained in paragraph 6 of Count I of the Complaint.

7. EDS admits that on or about October 11, 2001, it provided Plaintiff with notice that he was being separated from EDS employment pursuant to a corporate reduction in force, and that Plaintiff was on FMLA leave at the time.

8. EDS admits that Plaintiff was separated from EDS employment pursuant to a corporate reduction in force on October 11, 2001.

9. EDS admits that Plaintiff was the only project manager assigned to the Blue Cross Blue Shield of Massachusetts account who was separated as part of the corporate workforce reduction on or about October 11, 2001.

10. EDS denies the allegations contained in paragraph 10 of Count I of the Complaint.

11. EDS denies the allegations contained in paragraph 11 of Count I of the Complaint.

12. EDS denies the allegations contained in paragraph 12 of Count I of the Complaint.

13. EDS denies that Plaintiff is entitled to any of the relief requested in his prayer for relief.

14. EDS denies each and every allegation of the Complaint not heretofore specifically admitted.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state claims upon which relief can be granted against Defendant EDS.

2. Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, and unclean hands.

3. Some or all of Plaintiff's claims are barred by applicable statutes of limitations.

4. Plaintiff's damages may be limited and/or foreclosed under the after-acquired evidence doctrine.

5. Upon information and belief, Plaintiff's damages are limited and/or foreclosed by his failure to make reasonable efforts to mitigate his damages, if any.

6. Some or all of Plaintiff's claims or attempted claims are barred due to his failure to satisfy administrative prerequisites and/or exhaust administrative remedies.

7. At all times relevant to this lawsuit, Defendants acted in good faith and in accordance with applicable laws.

8. Any and all actions taken with respect to Plaintiff's employment were for legitimate and non-discriminatory reasons, and not because of Plaintiff's race, national origin, or use or request to use leave under the FMLA or assertion of rights under the FMLA.

9. Plaintiff failed to provide adequate notice under FMLA or otherwise comply with the Act.

10. Any attempt by Plaintiff to claim punitive damages is barred by the constitution of the United States and/or equivalent provisions of the Massachusetts Constitution.

11. Punitive damages are inappropriate under the facts of this action.

12. Because any actions by EDS regarding Plaintiff were taken in good faith, in accordance with EDS' internal policies, and not taken wantonly or with malice or bad faith and/or reckless indifference to Plaintiff's protected rights, EDS did not willfully violate any law with respect to its treatment of Plaintiff, thereby negating Plaintiff's entitlement to punitive damages.

13. Plaintiff was an at-will employee.

14. Plaintiff is not entitled to liquidated damages on his FMLA claim, nor is Plaintiff entitled to recover any damages under the FMLA not provided for by that Act.

15. EDS reserves the right to add additional affirmative defenses that become known during the course of this case.

WHEREFORE, Defendant EDS respectfully requests that Plaintiff's Complaint be dismissed in its entirety and that it be awarded all of its costs incurred in defending this action, including its attorneys' fees, and such other relief as this Honorable Court deems just and proper.

Respectfully submitted,

_s/ Leah M. Moore_
Joseph P. McConnell (BBO No. 566412)
jmcconnell@morganbrown.com
Leah M. Moore (BBO No. 658217)
lmoore@morganbrown.com
MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, Massachusetts  02108
(617) 523-6666 (telephone)
(617) 367-3125 (facsimile)


Martin T. Wymer (OH0004004)
mwymer@bakerlaw.com
Brett A. Wall (OH0070277)
bwall@bakerlaw.com
BAKER & HOSTETLER LLP
3200 National City Center
1900 East Ninth Street
Cleveland, OH  44114-3485
(216) 621-0200 (telephone)
(216) 696-0740 (facsimile)

Attorneys for Defendant EDS

Dated:  December 20, 2004

## PROOF OF SERVICE

A true copy of the foregoing Answer to Complaint was served upon Plaintiff's counsel, Kevin G. Powers, Rogers, Powers & Schwartz L.L.P., via regular U.S. mail on the 20th day of December 2004.

                                                     s/ Leah M. Moore
                                                   Attorney for Defendant EDS