*Suffolk Superior Civil # 04-4439*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ALBERTO OCANA,

    Plaintiff,

v.

E.D.S. PERSONAL
COMMUNICATIONS CORPORATION,

    Defendant.

NOTICE OF REMOVAL OF CIVIL ACTION

04-12607 JLT

TO: UNITED STATES DISTRICT COURT, DISTRICT OF MASSACHUSETTS

Defendant E.D.S. Personal Communications Corporation, presently doing business as EDS Information Services L.L.C. (hereafter, "EDS"),[1] by and through its attorneys, hereby notices removal of this suit from the Superior Court of Suffolk County of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts, and respectfully submit to this Honorable Court:

1. The Complaint in this case was filed in the Suffolk County Superior Court on or about October 8, 2004. The Complaint was served upon EDS on November 23, 2004. (A copy of the Summons and Complaint served on EDS is attached hereto as Exhibit A).

2. This is an action in which this Court has original jurisdiction because it arises under the laws of the United States and invokes the federal question jurisdiction of this Court as

---

[1] EDS Personal Communications Corporation merged with and into EDS Information Services L.L.C. on December 31, 2001. (Declaration of Suzy K. Arnold, attached as Ex. B.)

provided in 28 U.S.C. §1331 and §1441(b). Specifically, plaintiff's Complaint alleges a violation of the Family Medical Leave Act, 29 U.S.C. §2601 *et seq.* (hereafter, "FMLA").

3.  As set forth in the jurisdictional section of the Complaint's allegations and in Count I, plaintiff alleges that he was discriminated against "on account of his request for and use of FMLA Leave." (Complaint ¶ 12). Plaintiff also seeks damages against defendant under the FMLA. (*Id.* at ¶ a). Therefore, this is a civil action that alleges a violation of a federal statute under which this Court would have original jurisdiction without regard to the citizenship of the parties or the amount in controversy. Thus, plaintiff alleges a claim which arises under the laws of the United States, and this Court has jurisdiction over the case pursuant to 29 U.S.C. §621 *et seq.* and 28 U.S.C. §1331.

4.  As this Court has original federal question jurisdiction over this matter, it also has jurisdiction over the remaining claims contained in plaintiff's Complaint pursuant to 28 U.S.C. §1441(c) and/or by virtue of its supplemental jurisdiction pursuant to 28 U.S.C. §1367.

5.  In further support of removal, EDS submits to this Court that, in addition to federal question jurisdiction, this Court also has diversity jurisdiction over this lawsuit and that this action may be removed to this Court pursuant to 28 U.S.C. §§1441(a) and (b) and §1446(b).

6.  In support of diversity jurisdiction, Defendant states that, upon information and belief, plaintiff is a citizen of the Commonwealth of Massachusetts. (Amended Complaint ¶ 1) (stating that plaintiff was "at all times" employed in Massachusetts.)

7.  EDS Information Services L.L.C. is a Delaware corporation with its corporate headquarters and principal place of business in Texas. (Declaration of Suzy Arnold at ¶ 2,

attached hereto as Exhibit B). Accordingly, EDS is not a citizen of the Commonwealth of Massachusetts.

8. As evidenced by the attached Complaint and Declaration of Suzy Arnold, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. Specifically, plaintiff, who at the time of his separation from EDS on October 11, 2001 was compensated at $52,000.44 per year, is seeking more than three years of back pay (including alleged lost benefits). (Complaint, Prayer for Relief; Arnold Dec. ¶ 3.) In addition, plaintiff seeks attorneys' fees and damages for emotional and physical distress under the Massachusetts Fair Employment Practices Act, M.G.L. Ch. 151B. (Complaint ¶ 1, Prayer for Relief.)

9. Therefore, the requirements of 28 U.S.C. §1332(a) have been met in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because it is a civil action between citizens of different states.

10. The United States District Court for the District of Massachusetts, therefore has original jurisdiction over this matter.

11. Accordingly, this action is a civil action that may be removed to this Court pursuant to 28 U.S.C. §§1441(a) and (b) and §1446(b).

12. This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) in that it is filed within thirty (30) days after service of the Complaint on EDS. (*See* Summons to Complaint, Attest by Deputy Sheriff.)

13. As required by 28 U.S.C. §1446(d), Defendants have provided written notice of the filing of this Notice of Removal to Kevin G. Powers of Rogers, Powers & Schwartz L.L.P., 18 Tremont Street, Fifth Floor, Boston, MA 02108, and have filed a copy of the Notice of Filing

Notice of Removal with the Clerk of the Superior Court for Suffolk County of the Commonwealth of Massachusetts. (A copy of the Notice to Counsel of Removal of Action to Federal Court and a copy of the Notice of Filing Notice of Removal are attached hereto as Exhibits C and D, respectively).

**WHEREFORE**, pursuant to 28 U.S.C. §§1331, 1332 and 1441, EDS removes this case from the Superior Court for Suffolk County of the Commonwealth of Massachusetts to this Honorable Court.

Respectfully submitted,

*[signature]*

Joseph P. McConnell (BBO # 566412)
jmcconnell@morganbrown.com
**Morgan, Brown & Joy LLP**
One Boston Place
Boston, Massachusetts 02108
617-523-6666 (Telephone)
617-367-3125 (Facsimile)

Martin T. Wymer (P43279)
mwymer@bakerlaw.com
Brett A. Wall (OH0070277)
bwall@bakerlaw.com
**BAKER & HOSTETLER LLP**
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114-3485
(216) 621-0200 (telephone)
(216) 696-0740 (facsimile)
*Pro Hac Vice* admission papers to be submitted

*Attorneys for Defendant EDS*

Date: December 13, 2004

I HEREBY ATTEST AND CERTIFY ON
DEC. 20, 2004
THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY *[signature]*
ASSISTANT CLERK.

4

## PROOF OF SERVICE

A true copy of the foregoing *Notice of Removal of Civil Action* was served upon Plaintiff's counsel Kevin G. Powers, Rogers, Powers & Schwartz L.L.P., via regular U.S. mail on the 13th day of December, 2004.

_____
Attorney for Defendant EDS

## COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, ss | SUPERIOR COURT |

| | | |
|---|---|---|
| ALBERTO OCANA, | ) | CASE NO. 04-4429 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE |
| v. | ) | |
| | ) | |
| EDS PERSONAL COMMUNICATIONS | ) | NOTICE OF FILING NOTICE OF |
| CORPORATION, | ) | **REMOVAL OF CIVIL ACTION** |
| | ) | |
| Defendant. | ) | |

**PLEASE TAKE NOTICE**, that on December 13, 2004, EDS Personal Communications Corporation, presently doing business as EDS Information Services L.L.C. (hereafter, "EDS"),[1] by and through its attorneys, filed in the United States District Court of Massachusetts their Notice of Removal of Civil Action to said District Court. (A copy of the Notice of Removal is attached hereto as Exhibit A for filing with the Court.)

**PLEASE TAKE FURTHER NOTICE**, that pursuant to 28 U.S.C. §1446, the filing of the Notice of Removal in the United States District Court, together with the filing of a copy of the Notice of Filing Notice of Removal with the Superior Court, effects the removal of this action and this Court may proceed no further unless and until the case is remanded.

---

[1] EDS Personal Communications Corporation merged with and into EDS Information Services L.L.C. on December 31, 2001.

Respectfully submitted,

_____
Joseph P. McConnell
jmcconnell@morganbrown.com
Morgan, Brown & Joy LLP
One Boston Place
Boston, Massachusetts 02108
617-523-6666 (Telephone)
617-367-3125 (Facsimile)


Pro Hac Vice to be Submitted

_____
Martin T. Wymer (P43279)
mwymer@bakerlaw.com
Brett A. Wall (OH0070277)
bwall@bakerlaw.com
**BAKER & HOSTETLER LLP**
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114-3485
(216) 621-0200 (telephone)
(216) 696-0740 (facsimile)

*Attorneys for Defendant EDS*

## PROOF OF SERVICE

A true copy of the foregoing *Notice of Filing Notice of Removal of Civil Action* was served upon Plaintiff's counsel Kevin G. Powers, Rogers, Powers & Schwartz L.L.P., via regular U.S. mail on the 13th~14th day of December, 2004.

_____
Attorney for Defendant EDS

MAS-20030014
guen

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

12/16/2004
02:17 PM

## SUCV2004-04429
### Ocana v Eds Personal Communications Corporation

| | | | | | |
|---|---|---|---|---|---|
| File Date | 10/08/2004 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 12/16/2004 | Session | C - Civil C | | |
| Origin | 1 | Case Type | B22 - Employment Discrimination | | |
| Lead Case | | Track | F | | |
| Service | 01/06/2005 | Answer | 03/07/2005 | Rule12/19/20 | 03/07/2005 |
| Rule 15 | 03/07/2005 | Discovery | 08/04/2005 | Rule 56 | 09/03/2005 |
| Final PTC | 10/03/2005 | Disposition | 12/02/2005 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Alberto Ocana
Active 10/08/2004

**Private Counsel 405020**
Kevin G Powers
Rodgers Powers & Schwartz LLP
18 Tremont Street
5th floor
Boston, MA 02108
Phone: 617-742-7010
Fax: 617-742-6841
Active 10/08/2004 Notify

**Defendant**
Eds Personal Communications Corporation
Served: 11/23/2004
Served (answr pending) 12/03/2004

**Private Counsel 566412**
Joseph P McConnell
Morgan Brown & Joy
1 Boston Place
Boston, MA 02108-4472
Phone: 617-523-6666
Fax: 617-367-3125
Active 12/16/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 10/08/2004 | 1.0 | Complaint filed with request for trial by jury all issues |
| 10/08/2004 | | Origin 1, Type B22, Track F. |
| 10/08/2004 | 2.0 | Civil action cover sheet filed |
| 12/03/2004 | 3.0 | SERVICE RETURNED: Eds Personal Communications Corporation(Defendant) (in hand) |
| 12/16/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. E.D.S. Personal Communications Corporation U. S. Dist.#(04CV12607JLT). |
| 12/16/2004 | | Case REMOVED this date to US District Court of Massachusetts |

I HEREBY ATTEST AND CERTIFY ON
DEC. 20, 2004
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK

case01 242354 y y y y y y

Page 1 of 1

1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT
                                                C.A. No

ALBERTO OCANA                )
            Plaintiff,       )              04-4429
                             )
                             )
EDS PERSONAL                 )
COMMUNICATIONS               )
CORPORATION                  )
            Defendant.       )

## COMPLAINT

### A. Jurisdiction

This suit is brought pursuant to the Massachusetts Fair Employment Practice Act, M.G.L. Ch. 151 B. All Conditions to jurisdiction under Ch. 151 B have been met.

This case is also brought pursuant to the Family Medical Leave Act 29 U.S.C. § 2601 et seq.

### B. Nature of the Actions

This suit, in law and equity, seeks redress for employment discrimination on account of the Plaintiff's Race and National Origin and on account of the Plaintiff's request for and use of Family Medical Leave.

### C. Parties to the Action

1. Alberto Ocana is a Hispanic male whose nation of origin is Panama. The plaintiff is a legal and permanent resident of the United States.

   The Plaintiff was at all relevant times, employed by the Defendant Corporation in the Commonwealth of Massachusetts.

2. EDS Personal Communications Corporation is a corporation doing business in the Commonwealth of Massachusetts with corporate offices located in the City of Boston, County of Suffolk, Commonwealth of Massachusetts.

## COUNT I

1. The Plaintiff, Alberto Ocana, is a permanent resident of the United States. He is a Hispanic male who was born in Panama.

2. The Plaintiff began working for EDS Personal Communications (hereafter EDS) in December 1997.

3. The Plaintiff performed his duties and responsibilities in a professional and competent manner.

4. During the course of his employment he received regular and consistent verbal and written commendations for his work.

5. In August of 2001, the Plaintiff went on Family Medical Leave Act (hereafter FMLA) leave on account of the fact that this father, who was living in Panama, had suffered a stroke, and needed the plaintiff to assist in his care.

6. The Plaintiff was scheduled to return to work from FMLA leave on October 19, 2001.

7. On October 11, 2001, while the Plaintiff was still out on FMLA leave, he received notice that he was being laid off.

8. The Plaintiff was laid off on October 11, 2001.

9. The Plaintiff was the only Project Manager who was laid off from the Boston office of EDS.

10. Three Software Project Managers with less seniority and less experience than the Plaintiff were retained by the Company.

11. The Plaintiff was chosen for layoff on account of his race and national origin or a combination of both.

12. The Plaintiff was chosen for layoff on account of his request for and use of FMLA leave.

**WHEREFORE**, the Plaintiff requests that this Court order:

a. That the Defendant compensate the plaintiff for any loss of wages and/or benefits incurred;

b. That the plaintiff be awarded an amount of money which will fairly compensate him for his emotional and physical pain and suffering;

c. That the Defendant pay the plaintiff costs and attorney's fees resulting from this action;

d. That the Defendant pay the plaintiff interest on any judgment entered from the time of the filing of this suit;

e. That the Defendant be ordered to pay the plaintiff punitive damages;

f. That the Defendant be ordered to pay the plaintiff exemplary damages; and

g. Such relief as may be just and proper and/or which make the plaintiff whole.

The Plaintiff Requests a Jury Trial on All Issues and Causes of Action Contained in this Complaint.

I HEREBY ATTEST AND CERTIFY ON
DEC. 20, 2004
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

ASSISTANT CLERK

The Plaintiff,
By his Attorney

Kevin G. Powers
BBO #405020
Rodgers, Powers & Schwartz, LLP
18 Tremont Street, Suite 500
(617) 742-7010

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-4429C | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

**PLAINTIFF(S)**: ALBERTO OCANA

**DEFENDANT(S)**: EDS Personal Communications Corporation

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**: Kevin G. Powers, Rodgers, Powers & Schwartz LLP, 18 Tremont Street, Boston, MA 02108
Board of Bar Overseers number: 405020

**ATTORNEY (if known)**:

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.: B22
TYPE OF ACTION (specify): Race/National Origin Employment Discrim.
TRACK: (F)
IS THIS A JURY CASE? (X) Yes ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .......... $
  2. Total Doctor expenses .......... $
  3. Total chiropractic expenses .......... $
  4. Total physical therapy expenses .......... $
  5. Total other expenses (describe) .......... $
      Subtotal $
B. Documented lost wages and compensation to date .......... $
C. Documented property damages to date .......... $
D. Reasonably anticipated future medical and hospital expenses .......... $
E. Reasonably anticipated lost wages .......... $
F. Other documented items of damages (describe) .......... $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
This is a c.151B employment discrimination case, which is not subject to the jurisdiction of the district court. Sheridan v. Actius G Bay State Travel, 1993 Mass. App.Div. 183. Nevertheless, plaintiff seeks equitable and legal Remedies (lost pay, emotional distress damages, and punitive damages) in an amount well in excess of $50,000.

TOTAL $

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 10/8/04

AOTC-6 mtc005-11/99

I HEREBY ATTEST AND CERTIFY ON
DEC. 20, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
ASSISTANT CLERK

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. C.A. No. 04-4429

ALBERTO OCANA _____, Plaintiff(s)

v.

EDS PERSONAL COMMUNICATIONS CORPORATION _____, Defendant(s)

## SUMMONS

To the above-named Defendant: Prentice-Hall Corp. Sys Inc, 84 State Street, Boston, MA

You are hereby summoned and required to serve upon Kevin G. Powers of Rogers, Powers & Schwartz L.L.P.

plaintiff's attorney, whose address is 18 Tremont Street, 5th Floor Boston, MA, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the ____eiteenth____ day of November____, in the year of our Lord two thousand and four.

Michael Joseph Donovan
Clerk/Magistrate

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

HEREBY ATTEST AND CERTIFY ON
DEC. 20, 2004 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

ASSISTANT CLERK.