IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERTO OCANA, ) | CASE NO. 1:04-cv-12607-JLT |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OF LAW IN** |
| E.D.S. PERSONAL COMMUNICATIONS ) | **SUPPORT OF DEFENDANT** |
| CORPORATION, ) | **ELECTRONIC DATA SYSTEMS** |
| ) | **CORPORATION'S MOTION TO** |
| Defendant. ) | **COMPEL PRODUCTION OF** |
| ) | **DOCUMENTS** |

## I. INTRODUCTION

Plaintiff Alberto Ocana alleges that Defendant Electronic Data Systems Corporation (improperly named in the Complaint as E.D.S. Personal Communications Corporation) discriminated against him because of his national origin and wrongfully discharged him in retaliation for taking Family and Medical Leave Act ("FMLA") protected leave. In the year that this case has been pending, EDS has attempted to ascertain the veracity of these allegations and to prepare its defense through Court-authorized discovery and Local Rule 26.1(a), which requires counsel to engage in cooperative discovery. Plaintiff, however, has failed to produce any documents related to his alleged damages, as required by the Court's February 4, 2005 Discovery Order, which incorporates Local Rule 26.2(A) and Fed. R. Civ. P. 26(a) by reference.

## II. STATEMENT OF FACTS

On February 25, 2005, Plaintiff served EDS with documents that were identified in his Rule 26 disclosures. (See Declaration of Kelly M. King ¶ 2, attached hereto as Exhibit A.) On

March 31, 2005, counsel for EDS wrote to counsel for Plaintiff to request that Mr. Ocana supplement his Rule 26 production with documents regarding his effort to mitigate his damages and documents to support his claim for emotional distress damages. (*Id.* at ¶ 3.) Plaintiff's counsel did not respond to EDS' counsel's letter and this case was dormant until the scheduling conference that was held on February 27, 2006. (*Id.* at ¶ 4.)

During the February 27, 2006 scheduling conference, EDS' counsel again raised the issue of EDS' outstanding request for documents regarding Plaintiff's claim for lost wages and emotional distress damages. (*Id.* at ¶ 5.) On February 28, 2006, EDS' counsel followed up his verbal request for the documents in writing. (*Id.*).

Plaintiff's counsel did not produce documents or otherwise respond to EDS' counsel's letter. (*Id.* at ¶ 6.) On March 20 and 28, 2006, counsel for EDS called Plaintiff's counsel's office to follow up on the requests made in the prior correspondence. (*Id.* at ¶ 7.) The calls went unreturned. (*Id.*)

On April 5, 2006, EDS' counsel spoke with Plaintiff's counsel regarding the issues raised in the prior correspondence. (*Id.* at ¶ 8.) Plaintiff's counsel stated he would contact his client and follow up with EDS' counsel the next day, but that did not occur. (*Id.*)

On April 10, 2006, EDS' counsel sent Plaintiff's counsel an email in which she advised him that EDS would seek assistance from the Court in obtaining the documents which are required by Rule 26 and which EDS first requested over a year ago. (*Id.* at ¶ 9.) Plaintiff's counsel has not responded. (*Id.*)

### III.   LAW AND ARGUMENT

Rule 26(a)(1)(C) requires that "a party must, without awaiting a discovery request, provide to other parties: . . . a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or

other evidentiary material . . . on which such computation is based, including materials bearing on the nature and extent of injuries suffered."

If a party fails to cooperate in discovery, Rule 37 outlines the procedures available to compel that party to do so. When a party fails to make a disclosure required by Rule 26(a), "upon reasonable notice to other parties and all persons affected thereby," the requesting party may move for an order compelling disclosure. Fed. Civ. R. 37(a)(2)(A). Rule 37 also provides that under most circumstances the moving party, if successful, shall be awarded its reasonable expenses, including attorneys' fees incurred in making the Motion. The undersigned spent 4 hours preparing the present Motion and Memorandum in Support at the hourly rate of $200. Thus, EDS is seeking $800 in fees incurred in preparing this Motion.

Plaintiff's refusal to provide documents required by Rule 26 is inimical to the Federal Rules of Civil Procedure and patently unfair to EDS. Rule 26 specifically mandates disclosure of documents and information about damages calculation. For example, Plaintiff's counsel has represented that Ocana has been employed since his separation from EDS. Thus, he surely has documents relevant to his claim for back pay. Similarly, it would be unfair if Plaintiff were permitted to claim as damages that EDS caused him emotional distress, but EDS was not permitted to conduct discovery on whether the alleged emotional distress was caused by other events. EDS must be permitted to defend itself against the allegation that it caused such damages. Plaintiff can provide no justification for his failure to comply with his discovery obligations and, thus, he should be compelled to provide documents to support his claim for compensatory and emotional distress damages.

**IV.     CONCLUSION**

For the reasons stated herein, EDS respectfully requests that the Court enter an Order compelling Plaintiff:

1. To produce documents and information related to:

    a. Mr. Ocana's efforts to obtain employment since his separation from EDS;

    b. any compensation he has been paid through interim employment;

    c. his claim for emotional distress damages; and

    d. the name and address of any health care providers from whom he has received medical treatment and/or counseling; and

2. To pay the $800 in fees EDS incurred in preparing this Motion.

Respectfully Submitted,

s/ *Kelly M. King*
David A. Posner (admitted *pro hac vice*)
dposner@bakerlaw.com
Kelly M. King (admitted *pro hac vice*)
kking@bakerlaw.com
Baker & Hostetler LLP
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114-3485
(216) 621-0200 (telephone)
(216) 696-0740 (facsimile)

Joseph P. McConnell (BBO 566412)
Leah M. Moore (BBO 658217)
Morgan Brown and Joy, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666
(617) 367-3125 (fax)

Attorneys for Defendant
Electronic Data Systems Corporation

## RULE 7.1 CERTIFICATION

I hereby certify that I attempted, in good faith, to resolve this matter with counsel by sending an email to counsel for Plaintiff on April 10, 2006, prior to filing the instant motion, but never received a response.

s/ *Kelly M. King*
Kelly M. King

## PROOF OF SERVICE

I hereby certify that a true copy of the foregoing Memorandum of Law in Support of Defendant Electronic Data Systems Corporation's Motion to Compel Production of Documents was filed electronically on the 20th day of April, 2006. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

s/ <i>Kelly M. King</i><br>
Attorney for Defendant

82058, 00173, 501054246.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERTO OCANA, | ) CASE NO. 1:04-cv-12607-JLT |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| E.D.S. PERSONAL COMMUNICATIONS CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DECLARATION OF KELLY M. KING IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

I, KELLY M. KING, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct:

     1.     I am co-counsel for Defendant Electronic Data Systems Corporation in the above-captioned matter.

     2.     On February 25, 2005, Plaintiff served EDS with documents that were identified in his Rule 26 disclosures.

     3.     On March 31, 2005, counsel for EDS wrote to counsel for Plaintiff to request that Mr. Ocana supplement his Rule 26 production with documents regarding his effort to mitigate his damages and documents to support his claim for emotional distress damages.  (Ex. 1, 3/31/05 letter from M. Wymer.)

4.  Plaintiff's counsel did not respond to EDS' counsel's letter and this case was dormant until the scheduling conference that was held on February 27, 2006.

5.  During the February 27, 2006 scheduling conference, EDS' counsel again raised the issue of EDS' outstanding request for documents regarding Plaintiff's claim for lost wages and emotional distress damages.  On February 28, 2006, EDS' counsel followed up his verbal request for the documents in writing.  (Ex. 2, 2/28/06 letter from D. Posner.)

6.  Plaintiff's counsel did not produce documents or otherwise respond to EDS' counsel's letter.

7.  On March 20 and 28, 2006, I called Plaintiff's counsel's office to follow up on the requests made in the prior correspondence.  The calls went unreturned.

8.  On April 5, 2006, I spoke with Plaintiff's counsel regarding the issues raised in the prior correspondence.  Plaintiff's counsel stated he would contact his client and follow up with me the next day, but that did not occur.

9.  On April 10, 2006, I sent Plaintiff's counsel an email in which I advised him that EDS would seek assistance from the Court in obtaining the documents which are required by Rule 26 and which EDS first requested over a year ago.  (Ex. 3, 4/10/06 email from K. King.)  Plaintiff's counsel has not responded.

Signed under the pains and penalties of perjury this 20th day of April 2006.

               s/ *Kelly M. King*
               Kelly M. King

# BAKER & HOSTETLER LLP

COUNSELLORS AT LAW

3200 NATIONAL CITY CENTER • 1900 EAST 9TH STREET • CLEVELAND, OHIO 44114-3485 • (216) 621-0200 • FAX (216) 696-0740

MARTIN T. WYMER
WRITER'S DIRECT DIAL NUMBER (216) 861-6021
E-MAIL: MWYMER@BAKERLAW.COM

March 31, 2005

Kevin G. Powers
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108

Re: Ocana v. E.D.S. Personal Communications Corporation

Dear Mr. Powers:

As you know, EDS would like to enter into an agreement protecting the confidentiality of certain records contemplated to be disclosed in discovery in this case, including documents related to the operation of EDS' business and sensitive information regarding the performance rankings of current and former EDS employees. Toward that end, we sent you a draft Stipulated Protective Order on February 22, 2005. We have yet to hear from you concerning this issue. Please review the draft Order at your convenience and let me know your thoughts.

In the meantime, we have enclosed Bates stamped copies of documents identified in EDS' previously filed Rule 26 Initial Disclosures. Please note that we have withheld a handful of sensitive company documents that we deem confidential within the meaning of the proposed Stipulated Protective Order. Once the parties execute a mutually acceptable Protective Order that protects the confidentiality of such documents, we will immediately provide these documents to you.

In reviewing the documents you produced as part of your Rule 26 initial disclosures, we noticed that you did not produce any documents related to Mr. Ocana's claim for damages in this case. As you know, Mr. Ocana was separated from EDS over 3½ years ago, and he is seeking lost past and future wages and benefits as a result of that separation. Accordingly, all documents related to Mr. Ocana's efforts to obtain employment since his separation from EDS, as well as documentation showing any compensation he has been paid through interim employment, are relevant to the claims and/or defenses asserted in this case (as well as the names and addresses of any entities that have employed Mr. Ocana since his separation from EDS). Please provide this information at your earliest convenience.

In your Rule 26 Disclosure Statement, you also state that Mr. Ocana seeks "emotional distress damages" in this case. Accordingly, please provide us with any documents in Mr. Ocana's possession that relate to or support this claim for emotional distress damages (such as

**EXHIBIT 1**

CINCINNATI • CLEVELAND • COLUMBUS • COSTA MESA • DENVER • HOUSTON • LOS ANGELES • NEW YORK • ORLANDO • WASHINGTON
*International Affiliates–SÃO PAULO, BRAZIL • JUÁREZ, MEXICO*
www.bakerlaw.com

Kevin G. Powers
March 31, 2005
Page 2

medical records). In addition, to the extent that Mr. Ocana has received medical treatment and/or counseling from any psychiatrist, psychologist, physician, or other medical and/or emotional health provider for damages he attributes to the conduct of my client, please provide the name and address of that health care provider pursuant to your obligation to identify individuals likely to have discoverable information related to the claims and/or defenses asserted in this case under Rule 26.

Finally, we also would like to schedule Mr. Ocana's deposition. Recognizing that Judge Tauro has prohibited the parties from engaging in discovery (other than Rule 26 disclosures) prior to the scheduling conference, I suggest that we schedule Mr. Ocana's deposition for a date in late May/early June with the assumption that Judge Tauro will hold a scheduling conference prior to that date. To the extent a scheduling conference is not held prior to the date of the deposition, we can either agree to move forward with the deposition (after requesting permission from the Court to do so) or continue the deposition until a scheduling conference is held. If this is agreeable, please let me know if Mr. Ocana is available for deposition on May 25, May 26, June 1, or June 2, 2005.

I look forward to speaking with you concerning these matters at your earliest convenience. In the meantime, I remain

Very truly yours,

Martin T. Wymer

MTW/cck
Enclosure
cc: Electronic Data Systems Corporation
    Joseph P. McConnell
    Kelly M. King

# Baker Hostetler

Baker&Hostetler LLP

3200 National City Center
1900 East 9th Street
Cleveland, OH 44114-3485

T 216.621.0200
F 216.696.0740
www.bakerlaw.com

David A. Posner
direct dial: 216.861.6113
e-mail: dposner@bakerlaw.com

February 28, 2006

Kevin G. Powers, Esq.
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108

Re:   *Ocana v. EDS*

Dear Kevin:

It was nice to meet you yesterday at the courthouse. Per your request, enclosed is a copy of the Proposed Joint Statement Pursuant to Local Rule 16.1 which was filed with the Court on March 7, 2005. Also, in follow-up to letters Martin Wymer sent to you on February 22, 2005 and March 31, 2005, enclosed is a copy of a Stipulated Protective Order we prepared with respect to this case.

As also mentioned in Mr. Wymer's letters, and as I mentioned in court yesterday, we are requesting that you provide documents related to Mr. Ocana's efforts to obtain employment since his separation from EDS, as well as documentation showing any compensation he has been paid through interim employment. Furthermore, please provide us with any documents in Mr. Ocana's possession that relate to or support his claim for emotional distress damages and, to the extent that he has received medical treatment and/or counseling, please provide the name and address of any health care provider.

Insofar as you explained that your schedule would not permit EDS to depose Mr. Ocana during the month of March, please advise of your, and your client's, availability for him to be deposed during the weeks of April 17 or 24, 2006.

**EXHIBIT 2**

Kevin G. Powers, Esq.
February 28, 2006
Page 2

Thank you for your attention to these matters.

Sincerely yours,

David A. Posner

Encl.

Cc:   Electronic Data Systems Corporation
      Kelly King, Esq.

82058, 00173, 501020483

| | |
|---|---|
| **From:** | King, Kelly M. |
| **Sent:** | Monday, April 10, 2006 12:04 PM |
| **To:** | 'Kevin' |
| **Cc:** | Posner, David A. |
| **Subject:** | Ocana v. EDS |
| **Importance:** | High |

Kevin:

I tried to reach you this morning at your office, but I was told you are not available today or tomorrow. I am writing to follow up on our discussion on April 5, 2006. You said you would get back to me the next day regarding your client's availability for deposition and the other issues (including request for production of documents and the proposed protective order) raised in David's letter dated February 28, 2006. I haven't heard back from you yet.

Please contact me regarding these issues by Wednesday, April 12, 2006. If I do not hear from you by then, we will notice Mr. Ocana's deposition for a date that is convenient for us. Also, we will seek assistance from the Court in obtaining the documents related to Mr. Ocana's efforts to obtain employment since his separation from EDS, documents reflecting compensation he has received from interim employment, documents that relate to or support his claim for emotional distress damages, and the name and address of health care providers from whom he has sought medical treatment or counseling.

I look forward to hearing from you.

Sincerely,

My Bio | Web site | V-card

T 216.861.7588
F 216.696.0740

www.bakerlaw.com

Kelly M. King
kking@bakerlaw.com

Baker & Hostetler LLP
3200 National City Center
1900 East 9th Street
Cleveland, Ohio 44114-3485



EXHIBIT 3